WILLIAM McKIM & others *vs.* HAMILTON WILLIS & others.

The plaintiffs, who were bankers in Maryland, and the defendants, who were bankers in Massachusetts, were in the habit of sending to each other for collection notes, drafts and uncurrent bank bills, and drawing upon each other, from time to time, for the funds collected. No place of payment was expressed in any of the drafts so drawn, or in the acceptances thereof; but the usage was to pay or accept them when presented at the office of the drawees. There was no special agreement as to the place where the funds collected should be payable. *Held*, that a discharge of the defendants, under the insolvent laws of this commonwealth, was no bar to a claim of the plaintiffs, which was not proved under those laws, for a general balance of account arising out of these transactions.

CONTRACT to recover the balance of an account annexed. The defendant Willis was defaulted; and the following facts were agreed between the plaintiffs and the other defendants, Weed and Davis.

The plaintiffs are, and, at the time when the account arose, were bankers and partners, living in Baltimore, in the State of Maryland; and the defendants were bankers and partners in Boston, Massachusetts, and they still live in this commonwealth. The only question in the case is, whether the debt sued for is barred by a discharge in insolvency granted to Weed and Davis.

The balance of account arose in this way. The plaintiffs and defendants were in the habit of sending to each other for collection notes, drafts and uncurrent bank bills, and from time to time drawing upon each other for the funds so collected. No place of payment was expressed in terms in any of these drafts, or in the acceptance thereof; but the drafts drawn and negotiated by the plaintiffs were accepted or paid by the defendants at their office in Boston; and those drawn and negotiated by the defendants were in like manner accepted or paid by the plaintiffs at their office in Baltimore. There never was any special agreement as to the place where the funds collected by either party should be payable. The claim of the plaintiffs was not proved in the proceedings in insolvency. Upon these facts, judgment was ordered in the superior court for the plaintiffs, and the defendants Weed and Davis appealed to this court.

*J. B. Robb*, for the defendants Weed and Davis.

*J. D. Ball*, for the plaintiffs.

BIGELOW, C. J.    The debt claimed in this case is for a general money balance due to the plaintiffs, arising out of transactions between the parties as bankers and brokers, negotiating together by means of checks, drafts, notes and bills sent for collection to each other in the cities of Baltimore and Boston respectively.    There is nothing in the case to take it out of the ordinary rule, by which a contract to pay money follows the person of the creditor, and renders the debtor liable to pay the same either in or out of the state, wherever the creditor may see fit to enforce it.    No agreement, by which the defendants were to be held only in this state for the balance which they might owe, as the result of these transactions with the plaintiffs, can be inferred from the facts stated.    The general course of dealing, by which the parties accepted and paid drafts on each other for sums of money from time to time, was adopted only for mutual convenience and accommodation, but did not in any way change the legal relations of the parties as debtor and creditor, or the right of each to recover of the other, as an ordinary debt, any balance which might at any time be due.    The legal obligation of the defendants was to pay the debt to the plaintiffs either in Maryland, where they resided, or in this state, or wherever else it might legally be enforced.    It was not a liability on a contract to be performed here.    It follows that the discharge in insolvency of the defendants does not operate as a bar to the debt due to the plaintiffs, who were at the time it was contracted, and are now, citizens of another state.    *Savoye* v. *Marsh*, 10 Met. 594.    *Woodbridge* v. *Allen*, 12 Met. 470.    *Scribner* v *Fisher*, 2 Gray, 43.                    *Judgment for the plaintiffs.*